GARY S. BARTHEL, ESQ. (220206)
gbarthel@militarylawcenter.com
NICHOLAS R. BARTHEL, ESQ. (319105)
nbarthel@militarylawcenter.com
MILITARY LAW CENTER
2173 Salk Avenue, Suite 250
Carlsbad, CA 92008
TEL: 760.536.9038
FAX: 760.536.9010

Attorneys for Plaintiff
H.S. (Minor)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.S., a minor, by and through his p/n/g, Ty A. Simon and Amanda J. Simon<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No:<br><br>**EX-PARTE PETITION FOR APPROVAL OF MINOR'S COMPROMISE OF CLAIMS** |

MILITARY LAW CENTER
ATTORNEYS AT LAW
SAN DIEGO

Ex-Parte Petition Approval of Minor's Compromise of Claims
*H.S. Simon vs. United States of America*

## I. Factual Basis for Ex-Parte Petition for Approval of Minor's Compromise of Claims

On November 6, 2018, Plaintiff, a minor at 27 months old, was under the care and supervision of the staff at the Smith Child Development Center located at U.S. Army Garrison Rheinland-Pfalz, Baumholder, Germany ("CDC"). CDC is a U.S. Army facility located in the military housing area.

The CDC is a U.S. Army facility and is operated by the U.S. Army. The CDC staff are employees of the U.S. Army and its services are provided to military servicemembers and their dependents.

At approximately 17:00 on November 6, 2018, Plaintiff was playing in the Gym Room with three other children, with two adults supervising. He climbed onto a foam block, approximately 18 inches high, and then jumped off. He repeated his actions, but on the second jump, he fell onto his leg and ultimately broke his femur.

The staff at CDC failed to notify either of Plaintiff's parents, despite Plaintiff's mother working on the property at the time of the fall. Furthermore, the CDC staff failed to produce an incident report before Plaintiff's mother took him home. CDC failed to follow proper protocol which would have prevented Plaintiff from being injured, ensured that the accident was reported in a timely manner, and ensured Plaintiff would have received appropriate medical attention for his injuries in a timely manner.

When Plaintiff's mother attempted to put him in his car seat, Plaintiff screamed out in pain. Knowing this must be something more than a bump, Plaintiff's parents brought him to Landstuhl Regional Medical Center Emergency Room. Dr. Kuschnerait took an x-ray of Plaintiff's leg but determined that it was not broken and sent him home with some ibuprofen. On November 7, 2018, Plaintiff was still in serious pain and his parents decided to return to the Emergency Room. Dr. Hartline saw Hunter and repeated the x-rays, which also came back as "negative".

2

Ex-Parte Petition for Approval of Minors' Compromise of Claims
*Simon vs. United States*

On November 9, 2018, Plaintiff was still not improving, so Plaintiff's parents took him to see Dr. McMullin works in the Pediatric Department at the Landstuhl Regional Medical Center. Dr. McMullin assured Plaintiff's parents that it was only inflammation, and that Plaintiff will improve.

However, after a month with no improvement and several different doctor's appoints where Plaintiff's parents were told the injury was minor, Plaintiff's parent flew back to the United States so that Plaintiff could be seen by Dr. Badkoobehi at Shriner's for Children Medical Center. Dr. Badkoobehi looked at x-rays from the Landstuhl Regional Medical Center and the subsequent MRI performed at Homburg University Hospital, and immediately identified the facture in Plaintiff's left femur.

This claim is based upon premise liability and negligence due to Plaintiff not being properly supervised and the CDC staff's failure to take appropriate remedial action after his injury. Additionally, the claim is based upon medical negligence based upon the fact that Army Medical Care providers failed to properly diagnose Plaintiff's fractured hip in x-rays they took immediately after the incident and due to their misdiagnosis, instructed Plaintiff's parents to encourage him to continue to use his leg without any restrictions despite the obvious pain and discomfort Plaintiff was experiencing due to the fracture.

**II.  Chronology of Claim**

1. Plaintiff was under the care and supervision of the CDC on November 6, 2018.
2. At approximately 17:00 on November 6, 2018, Plaintiff was in the Gym Room with three other children, with two adults supervising.
3. Plaintiff climbed onto a foam block, approximately 18 inches high, and then jumped off, breaking his femur.
4. CDC Staff did not notify Plaintiff's mother until she came to pick him up, CDC Staff did not fill out an incident report, and CDC Staff down

MILITARY LAW CENTER
ATTORNEYS AT LAW
SAN DIEGO

3

Ex-Parte Petition for Approval of Minors' Compromise of Claims
*Simon vs. United States*

played the seriousness of the injury.

5. Between November 6, 2018, and November 30, 2018, several different government doctors misdiagnosed Plaintiff has having no serious injuries, despite Plaintiff having an obviously broken femur.

### III. Parties

The parties to this settlement are as follows:

1. H.S., a minor, by and through his p/n/g, Ty A. Simon and Amanda J. Simon;[1] and

2. Defendant is the United States Government.

### IV. Current Status of Settlement/Litigation

The Parties after prelitigation settlement negotiations, the Parties have agreed to the basic terms of the settlement agreement. See Stipulation for Compromise Settlement and Release of Military Claims Act Claims Pursuant to 10 U.S.C. § 2733, attached hereto as Exhibit A.

### V. Proposed Compromise of Minor's Claims with the United States of America

It is hereby stipulated by and between the Plaintiff and the United States of America, by and through their respective attorneys, to the following settlement.

Parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the claims, for personal injuries and property damage claimants allegedly sustained as a result of Hunter Howard Simon sustaining a left femur fracture at the Smith Child

---

[1] As Mr. and Mrs. Simon maintain parental rights over H.S. it is not necessary to separately appoint a guardian ad litem in this lawsuit. *See Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 2:13-CV-01145-GEB, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013) (holding that parents' application for appointment as guardian ad litem was unnecessary, noting that "Rule 17(c)(1)(A) permits a 'general guardian' to sue in federal court on behalf of a minor, and '[a] parent is a guardian who may so sue.'"); *see also* Fed. R. Civ. P. 17(c).

4

Ex-Parte Petition for Approval of Minors' Compromise of Claims
*Simon vs. United States*

MILITARY LAW CENTER
ATTORNEYS AT LAW
SAN DIEGO

Development Center, the Center's failure to take appropriate action after the injury, and Landstuhl Regional Medical Center Government Employees misdiagnoses and failure to treat his injury that resulted in delayed treatment and pain and suffering, at Landstuhl, Germany, on or about November 6, 2018, under the terms and conditions set forth in this Stipulation.

The United States of America agrees to pay the total sum, including attorneys' fees and costs, of Forty Thousand Dollars and Zero Cents ($40,000.00) ("Settlement Amount"). Plaintiff's parents, Ty A. Simon and Amanda J. Simon, have withdrawn their claims; thus, Plaintiff, a minor, would receive the entire settlement amount, pending this Court's approval.

This shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of their settlement, including any claims for wrongful death, for which claimants or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

### A.  Attorney Fees & Costs

Pursuant to the Parties agreement, any attorneys' fees owed by the Claimants relating to this Military Claims Act matter shall not exceed twenty percent (20%) of the total Settlement Amount. 28 U.S.C. § 2678. Therefore, Eight Thousand Dollars and Zero Cents ($8,000.00) will be sent to the attorney's client trust account to cover attorneys' fees and costs. Plaintiff's counsel had no prior relationship to representing Plaintiff in the amounts requested.

### B.  Distribution to Plaintiff

Plaintiff's portion of the remaining settlement, which is Thirty-Two Thousand

5

Ex-Parte Petition for Approval of Minors' Compromise of Claims
*Simon vs. United States*

Dollars and Zero Cents ($32,000.00), will be used to purchase an annuity contract from the annuity company AEC Financial, Inc.

Plaintiff will receive periodic payments until August 11, 2046, in the following distributions:

1. Certain Lump Sum of FIVE THOUSAND, EIGHT HUNDRED NINETY-THREE DOLLARS AND SIXTY-SIX CENTS ($5,893.66) paid on August 11, 2034 (Age 18).

2. Certain Lump Sum of EIGHT THOUSAND, FIVE HUNDRED DOLLARS AND NO CENTS ($8,500.00) paid on August 11, 2037 (Age 21).

3. Certain Lump Sum of TWELVE THOUSAND, SEVEN HUNDRED FIFTY DOLLARS AND NO CENTS ($12,750.00) paid on August 11, 2041 (Age 25).

4. Certain Lump Sum of TWENTY-FOUR THOUSAND, NINE HUNDRED DOLLARS AND NO CENTS ($24,900.00) paid on August 11, 2046 (Age 30).

If Hunter Howard Simon should die before the Certain Lump Sums are paid, the remaining Certain Lump Sums shall be payable to the Estate of Hunter Howard Simon, or to any death beneficiary designated by Hunter Howard Simon, after reaching the age of majority and during his lifetime, provided that any such designation shall be in writing by notarized signature of Hunter Howard Simon (or his legal guardian, if any), on a form acceptable to the United States and the annuity issuer.

///
///
///
///

6

Ex-Parte Petition for Approval of Minors' Compromise of Claims
*Simon vs. United States*

MILITARY LAW CENTER
ATTORNEYS AT LAW
SAN DIEGO

## VI. Conclusion

Plaintiff and their counsel request the Court to approve the above distribution of proceeds of settlement as set forth hereinabove, and the payment of the attorneys' fees and costs, without a hearing. Plaintiff has submitted a proposed order in this regard and respectfully request the Court's signature thereon and filing thereof.

Date: October 26, 2021

/S/ Nicholas R. Barthel
Nicholas R. Barthel, Esq.
Attorney for Plaintiff

MILITARY LAW CENTER
ATTORNEYS AT LAW
SAN DIEGO

7

Ex-Parte Petition for Approval of Minors' Compromise of Claims
*Simon vs. United States*